

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-24-2004

# USA v. Larwa

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1553

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

## Recommended Citation

"USA v. Larwa" (2004). *2004 Decisions.* Paper 331.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/331

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1553

UNITED STATES OF AMERICA

v.

JOHN LARWA,
a/k/a ALEX SARIS,
a/k/a ALEX FARIS,
a/k/a PAUL ROMANAUSKAS,
a/k/a TIMOTHY BAUER

John Larwa,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 02-cr-00208
(Honorable Petrese B. Tucker)

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 13, 2004
Before: SCIRICA, *Chief Judge*, ALITO and AMBRO, *Circuit Judges*

(Filed September 24, 2004)

OPINION OF THE COURT

SCIRICA, *Chief Judge.*

This is an appeal by defendant John Larwa from a guilty plea entered into under a bargained-for guilty plea to mail fraud in violation of 18 U.S.C. § 1341 and to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). Counsel for Larwa has filed a brief under *Anders v. California,* 386 U.S. 738 (1967), stating that, after careful review of the record, he could not raise any meritorious issues and that the appeal is wholly frivolous.[1] We are satisfied that counsel has fulfilled his *Anders* obligations, and we agree that the appeal is frivolous.

Nonetheless, counsel for Larwa identified two potentially non-frivolous arguments: (1) whether four additional levels should have been added to the base offense level under U.S.S.G. § 2B1.1(b)(1)(C) because Larwa contends the loss to the victims was not between $10,000 and $30,000; and (2) whether the court properly grouped all the offenses under U.S.S.G. § 3D1.1. Counsel accurately notes, however, that Larwa is precluded from bringing an appeal pursuant to a waiver contained in his plea agreement. The sentencing court reviewed this provision with Larwa concluding that he knowingly, intelligently, and voluntarily entered into the agreement. We agree, as it was entered into knowingly, intelligently, and voluntarily and did not result in a miscarriage of justice. *See United States v. Khattak,* 273 F.3d 557, 561-62 (3d Cir. 2001). Furthermore, in his

---

[1] Larwa was given a copy of counsel's brief and was allotted time to raise any arguments in a pro se brief. *Anders,* 386 U.S. at 744. He has not filed such a brief.

bargained-for plea agreement, Larwa stipulated that the loss to the victims was more than $10,000 and less than $30,000, and that pursuant to U.S.S.G. § 3D1.1, neither the mail fraud nor the odometer tampering offenses group with the firearms offense. We see no reason why Larwa should not be held to the stipulations contained in the plea agreement. *See United States v. Cianci,* 154 F.3d 106, 110 (3d Cir. 1998).

For the foregoing reasons, we will affirm the judgment of conviction and sentence. Defense counsel's motion to withdraw is granted.